<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

_____Southern District of New York_____
(State)

Case number *(if known)*: _____  Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Oklahoma Windstream, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A**<br><br>**None.** |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | **73-0630965** |

4. **Debtor's address**

**Principal place of business**

**4001 North Rodney Parham Road**
Number        Street

**Little Rock, Arkansas 72212**
City                    State      Zip Code

**Pulaski County**
County

**Mailing address, if different from principal place of business**

Number              Street

P.O. Box

City                    State    Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                    State    Zip Code

5. **Debtor's website** (URL)        **https://www.windstream.com/**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor    **Oklahoma Windstream, LLC**                                         Case number *(if known)* _____
          Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5172 - Wireless Telecommunications Carriers (except Satellite)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____    When _____    Case number _____
                                          MM/DD/YYYY

          District _____    When _____    Case number _____
                                          MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.    Debtor    **See attached Schedule 1**    Relationship    **Affiliate**

          District    **Southern District of New York**

          Case number, if known _____    When    **02/25/2019**
                                                         MM / DD / YYYY

---

Debtor   **Oklahoma Windstream, LLC** _____   Case number *(if known)* _____
          Name

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

_____
Number          Street

_____
City                          State     Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency  _____

         Contact name  _____

         Phone  _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☒ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

Debtor     _____**Oklahoma Windstream, LLC**_____          Case number *(if known)*     _____
                Name

**16. Estimated liabilities (on a consolidated basis)**

| | |
|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☒ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     _____**02/25/2019**_____
                        MM/ DD / YYYY

✗     ___**/s/ Kristi M. Moody**_____          **Kristi M. Moody**
      Signature of authorized representative of debtor       Printed name

Title     __**Authorized Officer**_____

**18. Signature of attorney**

✗     ___**/s/ Stephen E. Hessler**_____          Date     _____**02/25/2019**_____
      Signature of attorney for debtor                              MM/ DD/YYYY

**Stephen E. Hessler**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                          Street

**New York**                                    **New York**        **10022**
City                                            State            ZIP Code

**(212) 446-4800**                              **stephen.hessler@kirkland.com**
Contact phone                                   Email address

**4576856**                          **New York**
Bar number                           State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of New York
(State)

Case number (*if known*): _____    Chapter    11

☐ Check if this is an
amended filing

## Schedule 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Windstream Holdings, Inc.

1. Windstream Holdings, Inc.
2. Windstream Business Holdings, LLC
3. Allworx Corp.
4. American Telephone Company, LLC
5. ARC Networks, Inc.
6. A.R.C. Networks, Inc.
7. ATX Communications, Inc.
8. ATX Licensing, Inc.
9. ATX Telecommunications Services of Virginia, LLC
10. Birmingham Data Link, LLC
11. BOB, LLC
12. Boston Retail Partners LLC
13. BridgeCom Holdings, Inc.
14. BridgeCom International, Inc.
15. BridgeCom Solutions Group, Inc.
16. Broadview Networks, Inc.
17. Broadview Networks of Massachusetts, Inc.
18. Broadview Networks of Virginia, Inc.
19. Broadview NP Acquisition Corp.
20. Buffalo Valley Management Services, Inc.
21. Business Telecom of Virginia, Inc.
22. Business Telecom, LLC
23. BV-BC Acquisition Corporation
24. Cavalier IP TV, LLC
25. Cavalier Services, LLC
26. Cavalier Telephone Mid-Atlantic, L.L.C.
27. Cavalier Telephone, L.L.C.
28. CCL Historical, Inc.
29. Choice One Communications of Connecticut Inc.
30. Choice One Communications of Maine Inc.
31. Choice One Communications of Massachusetts Inc.
32. Choice One Communications of New York Inc.
33. Choice One Communications of Ohio Inc.
34. Choice One Communications of Pennsylvania Inc.
35. Choice One Communications of Rhode Island Inc.
36. Choice One Communications Resale L.L.C.
37. Choice One Communications of Vermont Inc.
38. Choice One of New Hampshire, Inc.
39. Cinergy Communications Company of Virginia, LLC
40. Conestoga Enterprises, Inc.
41. Conestoga Management Services, Inc.
42. Conestoga Wireless Company
43. Connecticut Broadband, LLC
44. Connecticut Telephone & Communication Systems, Inc.
45. Conversent Communications Long Distance, LLC
46. Conversent Communications of Connecticut, LLC
47. Conversent Communications of Maine, LLC
48. Conversent Communications of Massachusetts, Inc.
49. Conversent Communications of New Hampshire, LLC
50. Conversent Communications of New Jersey, LLC
51. Conversent Communications of New York, LLC
52. Conversent Communications of Pennsylvania, LLC
53. Conversent Communications of Rhode Island, LLC
54. Conversent Communications of Vermont, LLC
55. Conversent Communications Resale L.L.C.
56. CoreComm-ATX, Inc.
57. CoreComm Communications, LLC
58. CTC Communications Corporation
59. CTC Communications of Virginia, Inc.
60. D&E Communications, LLC
61. D&E Management Services, Inc.
62. D&E Networks, Inc.
63. D&E Wireless, Inc.
64. Deltacom, LLC
65. Earthlink Business, LLC
66. Earthlink Carrier, LLC
67. Equity Leasing, Inc.
68. Eureka Broadband Corporation
69. Eureka Holdings, LLC
70. Eureka Networks, LLC
71. Eureka Telecom, Inc.
72. Eureka Telecom of VA, Inc.
73. Georgia Windstream, LLC
74. Heart of the Lakes Cable Systems, Inc.
75. Infocore, Inc.
76. Info-Highway International, Inc.
77. InfoHighway Communications Corporation
78. InfoHighway of Virginia, Inc.
79. Intellifiber Networks, LLC
80. Iowa Telecom Data Services, L.C.
81. Iowa Telecom Technologies, LLC
82. IWA Services, LLC
83. KDL Holdings, LLC
84. LDMI Telecommunications, LLC
85. Lightship Telecom, LLC
86. MassComm, LLC
87. McLeodUSA Information Services LLC
88. McLeodUSA Purchasing, LLC
89. McLeodUSA Telecommunications Services, L.L.C.
90. MPX, Inc.
91. Nashville Data Link, LLC
92. Network Telephone, LLC
93. Norlight Telecommunications of Virginia, LLC
94. Oklahoma Windstream, LLC
95. Open Support Systems, LLC
96. PaeTec Communications of Virginia, LLC
97. PaeTec Communications, LLC
98. PAETEC Holding, LLC
99. PAETEC iTEL, L.L.C.
100. PAETEC Realty LLC
101. PAETEC, LLC
102. PCS Licenses, Inc.
103. Progress Place Realty Holding Company, LLC
104. RevChain Solutions, LLC
105. SM Holdings, LLC
106. Southwest Enhanced Network Services, LLC
107. Talk America of Virginia, LLC
108. Talk America, LLC
109. Teleview, LLC
110. Texas Windstream, LLC
111. The Other Phone Company, LLC
112. TriNet, LLC
113. TruCom Corporation
114. US LEC Communications LLC
115. US LEC of Alabama LLC
116. US LEC of Florida LLC
117. US LEC of Georgia LLC
118. US LEC of Maryland LLC
119. US LEC of North Carolina LLC
120. US LEC of Pennsylvania LLC
121. US LEC of South Carolina LLC
122. US LEC of Tennessee LLC
123. US LEC of Virginia LLC
124. US Xchange Inc.
125. US Xchange of Illinois, L.L.C.
126. US Xchange of Indiana, L.L.C.

127. US Xchange of Michigan, L.L.C.
128. US Xchange of Wisconsin, L.L.C.
129. Valor Telecommunications of Texas, LLC
130. WaveTel NC License Corporation
131. WIN Sales & Leasing, Inc.
132. Windstream Accucomm Networks, LLC
133. Windstream Accucomm Telecommunications, LLC
134. Windstream Alabama, LLC
135. Windstream Arkansas, LLC
136. Windstream Buffalo Valley, Inc.
137. Windstream BV Holdings, LLC
138. Windstream Cavalier, LLC
139. Windstream Communications Kerrville, LLC
140. Windstream Communications Telecom, LLC
141. Windstream Communications, LLC
142. Windstream Concord Telephone, LLC
143. Windstream Conestoga, Inc.
144. Windstream CTC Internet Services, Inc.
145. Windstream D&E Systems, LLC
146. Windstream D&E, Inc.
147. Windstream Direct, LLC
148. Windstream Eagle Holdings LLC
149. Windstream Eagle Services, LLC
150. Windstream EN-TEL, LLC
151. Windstream Finance Corp
152. Windstream Florida, LLC

153. Windstream Georgia Communications, LLC
154. Windstream Georgia Telephone, LLC
155. Windstream Georgia, LLC
156. Windstream Holding of the Midwest, Inc.
157. Windstream Iowa Communications, LLC
158. Windstream Iowa-Comm, LLC
159. Windstream IT-Comm, LLC
160. Windstream KDL, LLC
161. Windstream KDL-VA, LLC
162. Windstream Kentucky East, LLC
163. Windstream Kentucky West, LLC
164. Windstream Kerrville Long Distance, LLC
165. Windstream Lakedale Link, Inc.
166. Windstream Lakedale, Inc.
167. Windstream Leasing, LLC
168. Windstream Lexcom Communications, LLC
169. Windstream Lexcom Entertainment, LLC
170. Windstream Lexcom Long Distance, LLC
171. Windstream Lexcom Wireless, LLC
172. Windstream Mississippi, LLC
173. Windstream Missouri, LLC
174. Windstream Montezuma, LLC
175. Windstream Nebraska, Inc.
176. Windstream Network Services of the Midwest, Inc.
177. Windstream New York, Inc.
178. Windstream Norlight, LLC

179. Windstream North Carolina, LLC
180. Windstream NorthStar, LLC
181. Windstream NTI, LLC
182. Windstream NuVox Arkansas, LLC
183. Windstream NuVox Illinois, LLC
184. Windstream NuVox Indiana, LLC
185. Windstream NuVox Kansas, LLC
186. Windstream NuVox Missouri, LLC
187. Windstream NuVox Ohio, LLC
188. Windstream NuVox Oklahoma, LLC
189. Windstream NuVox, LLC
190. Windstream of the Midwest, Inc.
191. Windstream Ohio, LLC
192. Windstream Oklahoma, LLC
193. Windstream Pennsylvania, LLC
194. Windstream Services, LLC
195. Windstream SHAL Networks, Inc.
196. Windstream SHAL, LLC
197. Windstream Shared Services, LLC
198. Windstream South Carolina, LLC
199. Windstream Southwest Long Distance, LLC
200. Windstream Standard, LLC
201. Windstream Sugar Land, LLC
202. Windstream Supply, LLC
203. Windstream Systems of the Midwest, Inc.
204. Windstream Western Reserve, LLC
205. Xeta Technologies, Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
| | ) |
| OKLAHOMA WINDSTREAM, LLC, | ) |
| | ) |
| Debtor. | ) |
| | ) |

Chapter 11

Case No. 19-_____(___)

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Oklahoma Windstream, LLC | Windstream Services, LLC | 4001 N. Rodney Parham Rd., Little Rock, AR 72212 | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OKLAHOMA WINDSTREAM, LLC, | ) | Case No. 19-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Windstream Services, LLC | 100% |

**Fill in this information to identify the case:**

Debtor name     Windstream Holdings, Inc., *et al.*

United States Bankruptcy Court for the:    Southern District of New York

Case number *(If known):* _____

                                       (State)

☐   Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
                                                                  12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $806,900,000.00 |
| 2 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $105,800,000.00 |
| 3 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $78,100,000.00 |
| 4 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL: N/A | BOND DEBT | | | | $70,100,000.00 |
| 5 | AT&T 208 SOUTH AKARD STREET DALLAS, TX 75202 | ATTN: GENERAL COUNSEL TELEPHONE: 210-821-4105 FAX: 210-351-2198 EMAIL: DAVID.MCATEE@ATT.COM; WW0118@ATT.COM | TRADE | | | | $49,551,947.00 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 6 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $36,200,000.00 |
| 7 | U.S. BANK NATIONAL ASSOCIATION TWO MIDTOWN PLAZA 1349 WEST PEACHTREE STREET SUITE 1050 ATLANTA, GEORGIA 30309 | ATTN:  GLOBAL CORPORATE TRUST SERVICES TELEPHONE:  (404) 898-8830 FACSIMILE:  (404) 898-8844 EMAIL:  N/A | BOND DEBT | | | | $34,400,000.00 |
| 8 | VERIZON 1095 AVENUE OF THE AMERICAS NEW YORK, NY 10036 | ATTN: GENERAL COUNSEL TELEPHONE: 212-395-1000 FAX: 212-517-1897 EMAIL: CRAIG.SILLIMAN@VERIZON.COM | TRADE | | | | $34,054,820.00 |
| 9 | AT&T PRO CABS 208 SOUTH AKARD STREET DALLAS, TX 75202 | ATTN: GENERAL COUNSEL TELEPHONE: 210-821-4105 FAX: 210-351-2198 EMAIL: DAVID.MCATEE@ATT.COM; WW0118@ATT.COM | TRADE | | | | $8,802,645 .00 |
| 10 | GLOBE COMMUNICATIONS INC. 950 48TH AVE NORTH SUITE 100 MYRTLE BEACH, SC 29577 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 843- 839-5544 FAX: 843-839-5545 EMAIL: RUSTYLUNDY@GLOBEINC.COM | TRADE | | | | $8,368,733.00 |
| 11 | BELLSOUTH PRO CABS 600 N POINT PKWY ALPHARETTA, GA 30005 | ATTN: ROC-CABS TELEPHONE: 555-555-5555; 404-249-2000 FAX: 404-249-2071 EMAIL: RT2547@ATT.COM | TRADE | | | | $7,467,897.00 |
| 12 | CENTURYLINK 100 CENTURYLINK DRIVE MONROE, LA 71203 | ATTN: GENERAL COUNSEL TELEPHONE: 318-388-9000 FAX: 318-388-9064 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $7,028,123.00 |
| 13 | FRONTIER 401 MERRITT 7 NORWALK, CT 06851 | ATTN: GENERAL COUNSEL TELEPHONE: 203-614-5600 FAX: 203-614-4651 EMAIL: MARK.NIELSEN@FTR.COM | TRADE | | | | $6,892,743.00 |
| 14 | LEC SERVICES INC. 138 VAN CAMP BLVD LOS LUNAS, NM 87031 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 505-301-3404 FAX:  N/A EMAIL: DSCROSSLEY@ISP.COM | TRADE | | | | $6,582,326.00 |
| 15 | INFINERA 140 CASPIAN COURT SUNNYVALE, CA 94089 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 408-572-5200 FAX: 408-572-5454 EMAIL: DHEARD@INFINERA.COM | TRADE | | | | $6,081,389.00 |
| 16 | TRIPLE D COMMUNICATIONS 3006 PARK CENTRAL AVENUE NICHOLASVILLE, KY 40356 | ATTN: DANNY WHITE TELEPHONE: 859-887-4683 FAX: 859-885-9824 EMAIL: DWHITE@TRIPLEDLLC.COM | TRADE | | | | $5,928,006.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 17 | VELOCLOUD NETWORKS INC. 3429 HILLVIEW AVE PALO ALTO, CA 94304 | ATTN: VMWARE HILLTOP TELEPHONE: 650-209-4180 FAX: 650-475-5001 EMAIL: AOLLI@VMWARE.COM; CONTACT@VELOCLOUD.COM | TRADE | | | | $5,598,590.00 |
| 18 | ELEMENT - FKA PHH 655 BUSINESS CENTER DRIVE SUITE 250 HORSHAM, PA 19044 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 267-960-4000 FAX: 267-960-4001 EMAIL: N/A | TRADE | | | | $5,435,197.00 |
| 19 | TRAWICK CONSTRUCTION CO 1555 SOUTH BOULEVARD CHIPLEY, FL 32428-1626 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 850-638-0429 FAX: 850-638-8373 EMAIL: DOUG.TRAWICK@TRAWICKCONSTRUCTION.COM | TRADE | | | | $5,418,813.00 |
| 20 | ADTRAN 901 EXPLORER BOULEVARD HUNSTVILLE, AL 35806 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 256-963-8000 FAX: 256-963-6300 EMAIL: KEITH.KALMAN@ADTRAN.COM | TRADE | | | | $5,279,202.00 |
| 21 | LEVEL 3 COMMUNICATIONS, LLC GENERAL COUNSEL BROOMFIELD, CO 80021 | ATTN: C/O CENTURYLINK TELEPHONE: 720-888-2750 FAX: 720-888-5422 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $5,211,613.00 |
| 22 | LIGHTOWER FIBER NETWORKS 80 CENTRAL STREET BOXBOROUGH, MA 01719 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 978-264-6000 FAX: 978-264-6100 EMAIL: ESANDMAN@LIGHTOWER.COM | TRADE | | | | $4,721,163.00 |
| 23 | MICROSOFT ONE MICROSOFT WAY REDMOND, WA 98052 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 425-882-8080 FAX: 425-706-7329 EMAIL: BUSCOND@MICROSOFT.COM | TRADE | | | | $4,519,318.00 |
| 24 | QWEST CORP GENERAL COUNSEL MONROE, LA 71203 | ATTN: C/O CENTURYLINK TELEPHONE: 318-388-9000 FAX: 318-388-9064 EMAIL: STACEY.GOFF@CENTURYLINK.COM | TRADE | | | | $4,484,967.00 |
| 25 | GENERAL DATATECH LP 999 METROMEDIA PLACE DALLAS, TX 75247 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 214-857-6165; 214-857-6100 FAX: 214-857-6500 EMAIL: EBLATARIC@GDT.COM | TRADE | | | | $4,118,389.00 |
| 26 | FORSYTHE SOLUTIONS GROUP INC. 7770 FRONTAGE ROAD SKOKIE, IL 60077 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 847-213-7000 FAX: 847-675-8017 EMAIL: THOFFMAN@FORSYTHE.COM | TRADE | | | | $3,855,195.00 |
| 27 | ACTIONTEC ELECTRONICS 3301 OLCOTT ST SANTA CLARA, CA 95054 | ATTN: TONG KHUC, VP TELEPHONE: 408-548-4762 FAX: 408-541-9003 EMAIL: TKHUC@ACTIONTEC.COM | TRADE | | | | $3,757,838.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 28 | TIME WARNER CABLE 400 ATLANTIC STREET, CT, ROOM 407 STAMFORD, CT 06901 | ATTN: LEGAL DEPARTMENT TELEPHONE: 203-428-0281 FAX: 212-364-8460 EMAIL: SERENA.PARKER@CHARTER.COM | TRADE | | | | $3,591,108.00 |
| 29 | EXCLUSIVE NETWORKS USA 2075 ZANKER ROAD SAN JOSE, CA 95131 | ATTN: FRED SILVERMAN TELEPHONE: 954-782-6056 FAX: 408-943-9198 EMAIL: FSILVERMAN@EXCLUSIVE-NETWORKS.COM | TRADE | | | | $3,466,808.00 |
| 30 | T3 WIRELESS INC 220 W MAIN STREET COUNCIL GROVE, KS 66846 | ATTN: CHRIS CROWE, PRESIDENT TELEPHONE: 214-228-0930; 620-767-7193 FAX: 661-458-2329 EMAIL: INFO@T3WIRELESS.NET | TRADE | | | | $3,459,329.00 |
| 31 | ZAYO 1821 30TH STREET UNIT A BOULDER, CO 80301 | ATTN: DIRECTOR OR OFFICER TELEPHONE:  303-381-4683 FAX:  N/A EMAIL: BRAD.KORCH@ZAYO.COM; SHIRA.COOKS@ZAYO.COM | TRADE | | | | $3,219,650.00 |
| 32 | EQUINIX INC. 4252 SOLUTIONS CENTER CHICAGO, IL 60677-4002 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 650-598-6000 FAX: 650-598-6900 EMAIL: COLLECTIONS@EQUINIX.COM | TRADE | | | | $2,997,406.00 |
| 33 | CIENA CORP 7035 RIDGE ROAD HANOVER, MD 21076 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 410-694-5700 FAX: 410-694-5750 EMAIL: N/A | TRADE | | | | $2,952,217.00 |
| 34 | CBRE INC. 400 S HOPE STREET LOS ANGELES, CA 90071 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 213-613-3333 FAX: 216-613-3005 EMAIL: CORPCOMM@CBRE.COM; LEW.HORNE@CBRE.COM | TRADE | | | | $2,885,755.00 |
| 35 | BELLSOUTH 600 N POINT PKWY ALPHARETTA, GA 30005 | ATTN: ROC-CABS TELEPHONE: 404-249-2000 FAX: 404-249-2071 EMAIL: RT2547@ATT.COM | TRADE | | | | $2,596,089.00 |
| 36 | MP NEXLEVEL LLC 500 COUNTY RD 37 E MAPLE LAKE, MN 55358 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 320-963-2410; 320-963-2400 FAX: 320-963-2438 EMAIL: N/A | TRADE | | | | $2,430,702.00 |
| 37 | ENSONO LP 3333 FINLEY ROAD DOWNERS GROVE, IL 60515 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 630-944-9337 FAX:  630-944-1432 EMAIL: JUDY.RASMUSSEN@ENSONO.COM; RICHARD.DRESDEN@ENSONO.COM | TRADE | | | | $2,161,902.00 |
| 38 | FIBERTECH NETWORKS LLC 300 MERIDAN CENTRE ROCHESTER, NY 14618 | ATTN: ACCOUNTS RECEIVABLE TELEPHONE: 585-697-5100 FAX: 585-442-8845 EMAIL: BDANGLER@FIBERTECH.COM | TRADE | | | | $2,133,547.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 39 | METASWITCH NETWORKS 12007 SUNRISE VALLEY DR. STE 250 RESTON, VA 20191 | ATTN: LEGAL DEPARTMENT TELEPHONE: 703-480-0500 FAX: 703-480-0499 EMAIL: N/A | TRADE | | | | $2,118,722.00 |
| 40 | CONDUENT COMMERCIAL SOLUTIONS LLC 100 CAMPUS DRIVE FLORHAM PARK, NJ 07932 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 844-663-2638 FAX:  N/A EMAIL: N/A | TRADE | | | | $2,083,394.00 |
| 41 | PRODAPT 7565 SW MOHAWK STREET BUILDING M TUALATIN, OR 97062 | ATTN: HEADQUARTERS TELEPHONE: 503-636-3737 FAX: 503-885-0850 EMAIL: N/A | TRADE | | | | $2,016,429.00 |
| 42 | OUTPUT SERVICES GROUP BILLING SERVICES 100 CHALLENGER ROAD SUITE 303 RIDGEFIELD PARK, NJ 07660 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 201-871-1100 FAX: 201-871-3350 EMAIL: INFO@OSGBILLING.COM | TRADE | | | | $1,980,488.00 |
| 43 | FAST TRACK CONSTRUCTION 1919 SW LOOP 304 CROCKETT, TX 75835 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 936-545-1506 FAX: 936-545-1598 EMAIL: CAROLYN@FASTTRACKTEXAS.COM | TRADE | | | | $1,804,801.00 |
| 44 | COMCAST COMCAST CENTER PHILADELPHIA, PA 19103 | ATTN: COMCAST CORPORATION TELEPHONE: FAX: 215-981-7790 EMAIL: N/A | TRADE | | | | $1,786,797.00 |
| 45 | HOUSLEY COMMUNICATIONS INC. 3550 SOUTH BRYANT BOULEVARD SAN ANGELO, TX 76903 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 325-944-9905 FAX: 325-944-1781 EMAIL: INFO@HC-INC.COM | TRADE | | | | $1,715,204.00 |
| 46 | TATA CONSULTANCY SERVICES LIMITED 379 THORNAL STREET 4TH FLOOR EDISON, NJ 08837 | ATTN: JANARTHANAN ANGIYA TELEPHONE: 469-230-8743 FAX: 212-867-8652 EMAIL: N/A | TRADE | | | | $1,562,096.00 |
| 47 | MITELTECHNOLOGIES INC. 1615 SOUTH 52ND STREET TEMPE, AZ 85281 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 480-449-8900 FAX: 480-449-8901 EMAIL: N/A | TRADE | | | | $1,526,652.00 |
| 48 | USIC INC. 9045 NORTH RIVER ROAD INDIANAPOLIS, IN 46240 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 317-575-7800 FAX: 317-575-7881 EMAIL: N/A | TRADE | | | | $1,477,432.00 |
| 49 | COMMSCOPE TECHNOLOGIES LLC 1100 COMMSCOPE PLACE, SE HICKORY, NC 28602-3619 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 828-324-2200 FAX: 828-323-4849 EMAIL: N/A | TRADE | | | | $1,426,259.00 |
| 50 | COX COMMUNICATIONS 1400 LAKE HEARN DRIVE ATLANTA, GA 30319 | ATTN: DIRECTOR OR OFFICER TELEPHONE: 866-961-0027 FAX:  404-843-5280 EMAIL: COXCORP.CUSTOMERRELATIONS @COX.COM; VICTOR.COOPER@COX.COM | TRADE | | | | $1,396,561.00 |

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name        Oklahoma Windstream, LLC |
| United States Bankruptcy Court for the:        Southern District of New York |
|                                                                        (State) |
| Case number (If known): |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration___List of Equity Security Holders, Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| 02/25/2019 | ☒   */s/ Kristi M. Moody* |
|---|---|
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Kristi M. Moody** |
| | Printed name |
| | **Authorized Officer** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

## UNANIMOUS WRITTEN CONSENT IN LIEU OF A MEETING

February 24, 2019

The undersigned, being the members of the board of directors, members of the board of managers, members of the board of governors, individual managers, sole managers, sole governors, and sole members (each, a "Board" and collectively, the "Boards"), as applicable, of each entity set forth in **Annex A** attached hereto (each, a "Company" and collectively, the "Companies"), in lieu of holding a meeting of the board of directors, board of managers, board of governors, or members as applicable, hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to each such Company's bylaws, limited liability company agreement, or operating agreement, as applicable, and the applicable laws of the jurisdiction in which such Company is organized:

> **WHEREAS**, the respective Board of each Company considered presentations by management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available, and the effect of the foregoing on such Companies' businesses and the businesses of such Companies' subsidiaries;

> **WHEREAS**, the respective Board of each Company has had the opportunity to consult with management and the financial and legal advisors of such Company and to fully consider each of the strategic alternatives available to such Company; and

> **WHEREAS**, the respective Board of each Company has determined, in the judgment of such Board, that the following resolutions are advisable and in the best interests of the Companies, their subsidiaries, their creditors, and other parties in interest.

**NOW, THEREFORE, BE IT:**

**CHAPTER 11 FILING**

> **RESOLVED**, that in the judgment of the respective Board of each Company, it is desirable and in the best interests of the Companies, its creditors, and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by each Company, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction; and

**RESOLVED FURTHER**, that the duly appointed officers of each Company (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, objections, replies, applications, papers, or documents, and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of such Company's businesses or to assist such Company in the Chapter 11 Cases and in carrying out its duties under the provisions of the Bankruptcy Code.

## RETENTION OF PROFESSIONALS

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PJT Partners LP, as financial advisor and investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT Partners LP in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC, as restructuring advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of such Company's rights and obligations; and in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez & Marsal North America, LLC in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Kurtzman Carson Consultants, as notice, claims, and balloting agent, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC in accordance with applicable law; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, objections, replies, applications, pleadings, lists, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, investment bankers, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 case, with a view to the successful prosecution of the case.

## CASH COLLATERAL

**RESOLVED FURTHER**, that to the extent applicable to each Company, in the judgment of the Board, it is desirable and in the best interest of such Company, its interest holders, its creditors, and other parties in interest, to obtain the benefits from the use of cash collateral (the "Cash Collateral," as such term is defined in section 363(a) of the Bankruptcy Code), which is security for certain of the Company's prepetition secured lenders under certain credit facilities by and among the Company, the guarantors party thereto, and the lenders party thereto (the "Prepetition Secured Lenders"); and

**RESOLVED FURTHER**, that to the extent applicable to each Company, the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, such Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to each Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute (under the common seal of the Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's chapter 11 cases, which agreement(s) may require each Company to grant adequate protection and security interests to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute (under the common seal of the Company, if appropriate) and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her absolute discretion be necessary, desirable, proper, or advisable to give effect

to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof.

## DEBTOR-IN-POSSESSION FINANCING

**WHEREAS**, reference is made to those certain debtor-in-possession financing proposals that set forth the terms and conditions of the debtor-in-possession financing to be provided to the Companies (the "Borrowers") by the lenders listed therein (the "DIP Lenders"); and

**WHEREAS**, the Borrowers have requested that the DIP Lenders provide senior secured debtor-in-possession credit facilities (together, the "DIP Facilities") to the Companies; and

**WHEREAS**, each Company will obtain benefits from the incurrence of the DIP Obligations (as defined below), and it is advisable and in the best interest of each Company to enter into the DIP Loan Documents (as defined below), and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**WHEREAS**, the obligation of the DIP Lenders to make the extensions of credit to the Borrowers under the DIP Facilities is subject to, among other things, each Company entering into a binding credit agreement and/or commitment letters with the DIP Lenders and one or more agents acting on behalf of the DIP Lenders (the "DIP Agents") (collectively with any other documents and agreements related thereto or contemplated thereunder, including and any documents, instruments or certificates as may be reasonably requested by the DIP Agents (as defined below), the "DIP Loan Documents"), and otherwise satisfying certain conditions in connection therewith (the obligations thereunder, the "DIP Obligations"); and

**WHEREAS**, the Borrowers and the DIP Lenders are continuing negotiations regarding the final form of the DIP Loan Documents.

**NOW, THEREFORE, BE IT RESOLVED**, that the form, terms and provisions of the DIP Loan Documents presently before the Boards, and the transactions contemplated thereunder (including, without limitation, the borrowings and the incurrence of the DIP Obligations thereunder), and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved, subject to such changes, additions, and modifications thereto as an

5

Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED FURTHER**, that each Company will obtain benefits from its entry into the DIP Loan Documents and incurrence and performance of the DIP Obligations thereunder and it is advisable and in the best interest of each Company to enter into the DIP Loan Documents, and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED FURTHER**, that each Company shall be, and hereby is, authorized to enter into the DIP Loan Documents and incur the DIP Obligations, and the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized and empowered to execute and deliver the DIP Loan Documents, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof; and

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, in the name and on behalf of each Company, to assign, transfer, pledge and grant to the DIP Agents, for the ratable benefit of the respective or applicable DIP Lenders, a security interest in all or substantially all the assets of such Company, as collateral security for the prompt and complete payment and performance when due of the DIP Obligations under the documents to which such Company is a party and to take or cause to be taken any such actions as may be necessary, appropriate or desirable to cause each Company to create, perfect and maintain a security interest in each Company's property or assets constituting "Collateral" as described or contemplated in the DIP Loan Documents (the "Collateral"); and

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, in the name and on behalf of each Company, to enter into the guarantees as described or contemplated by the DIP Loan Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment or any incremental agreement required to consummate the transactions contemplated by the DIP Loan Documents and perform its obligations thereunder and to guarantee the payment and

6

performance of the DIP Obligations of the Borrowers and any other guarantor thereunder; and

**RESOLVED FURTHER**, that the DIP Agents are authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of each Company in such form and in such offices as such DIP Agent determines appropriate to perfect the security interests of the DIP Lenders granted under the DIP Loan Documents.  The DIP Agents are authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or any similar description in any such financing statements; and

**RESOLVED FURTHER**, that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Loan Documents and the use of cash collateral in connection with each Company's Chapter 11 Cases, which agreements may require each Company to grant adequate protection and liens to each Company's Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**RESOLVED FURTHER**, that any Authorized Officer or other officer of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the

Chapter 11 Cases (collectively, and together with the DIP Credit Agreement and the other DIP Loan Documents, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve; and

**RESOLVED FURTHER**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations; and

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable in order to perform each Company's DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof.

## NO TERMINATION OF EXISTENCE

**RESOLVED**, that notwithstanding any provision in the governing documents of any Company, no Company shall be automatically dissolved upon the filing of the voluntary petitions or any action taken in accordance with these resolutions.

**GENERAL**

  **RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

  **RESOLVED FURTHER**, that each Company and the respective Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of such Company, or hereby waives any right to have received such notice; and

  **RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of such Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the respective Board of each Company; and

  **RESOLVED FURTHER**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, or manager of each direct subsidiary of such Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

  **RESOLVED FURTHER**, that to the extent any Company serves as the the sole member, general partner, managing member, equivalent manager, or other governing body (each, a "Controlling

Company") of any other Company, each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of each such applicable Controlling Company; and

**RESOLVED FURTHER**, that this Action may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent; and

**RESOLVED FURTHER**, that electronic or photostatic copies of signatures to this Action shall be deemed to be originals and may be relied on to the same extent as the originals; and

**RESOLVED FURTHER**, that the actions taken by this Action shall have the same force and effect as if taken at a meeting of the Board of each of the Companies, as applicable, duly called and constituted pursuant to each such Company's bylaws, operating agreement, or limited liability company agreement, as applicable, and the applicable laws of the jurisdiction in which such Company is organized.

*    *    *    *    *

IN WITNESS WHEREOF, the undersigned has executed this Action via Written Consent as of the date above first written.

By: _____

Name: Tony Thomas

Title:   Manager, Governor and Director

By: _____

Name: Kristi Moody

Title:   Manager, Governor and Director

**BEING THE MANAGERS, GOVERNOR, OR DIRECTOR, AS APPLICABLE, OF EACH ENTITY LISTED ON EXHIBIT A**

By: _____

Name: Kristi Moody

Title:   Senior Vice President – General Counsel & Corporate Secretary

**AS OFFICER OF THE SOLE MEMBER OR SOLE SHAREHOLDER, AS APPLICABLE, OF EACH ENTITY LISTED ON EXHIBIT A**

**Exhibit A**

| COMPANY | JURISDICTION |
|---|---|
| Allworx Corp. | DE |
| American Telephone Company, LLC | NY |
| ARC Networks, Inc. | DE |
| A.R.C. Networks, Inc. | NY |
| ATX Communications, Inc. | DE |
| ATX Licensing, Inc. | DE |
| ATX Telecommunications Services of Virginia, LLC | DE |
| Birmingham Data Link, LLC | AL |
| BOB, LLC | IL |
| Boston Retail Partners LLC | MA |
| BridgeCom Holdings, Inc. | DE |
| BridgeCom International, Inc. | DE |
| BridgeCom Solutions Group, Inc. | DE |
| Broadview Networks, Inc. | NY |
| Broadview Networks of Massachusetts, Inc. | DE |
| Broadview Networks of Virginia, Inc. | VA |
| Broadview NP Acquisition Corp. | DE |
| Buffalo Valley Management Services, Inc. | DE |
| Business Telecom of Virginia, Inc. | VA |
| Business Telecom, LLC | NC |
| BV-BC Acquisition Corporation | DE |
| Cavalier IP TV, LLC | DE |
| Cavalier Services, LLC | DE |
| Cavalier Telephone Mid-Atlantic, L.L.C. | DE |
| Cavalier Telephone, L.L.C. | VA |
| CCL Historical, Inc. | DE |
| Choice One Communications of Connecticut Inc. | DE |
| Choice One Communications of Maine Inc. | DE |
| Choice One Communications of Massachusetts Inc. | DE |
| Choice One Communications of New York Inc. | DE |
| Choice One Communications of Ohio Inc. | DE |
| Choice One Communications of Pennsylvania Inc. | DE |
| Choice One Communications of Rhode Island Inc. | DE |
| Choice One Communications Resale L.L.C. | DE |
| Choice One Communications of Vermont Inc. | DE |
| Choice One of New Hampshire, Inc. | DE |
| Cinergy Communications Company of Virginia, LLC | VA |
| Conestoga Enterprises, Inc. | PA |
| Conestoga Management Services, Inc. | DE |
| Conestoga Wireless Company | PA |
| Connecticut Broadband, LLC | CT |

| COMPANY | JURISDICTION |
|---|---|
| Connecticut Telephone & Communication Systems, Inc. | CT |
| Conversent Communications Long Distance, LLC | NH |
| Conversent Communications of Connecticut, LLC | CT |
| Conversent Communications of Maine, LLC | ME |
| Conversent Communications of Massachusetts, Inc. | MA |
| Conversent Communications of New Hampshire, LLC | NH |
| Conversent Communications of New Jersey, LLC | NJ |
| Conversent Communications of New York, LLC | NY |
| Conversent Communications of Pennsylvania, LLC | PA |
| Conversent Communications of Rhode Island, LLC | RI |
| Conversent Communications of Vermont, LLC | VT |
| Conversent Communications Resale L.L.C. | DE |
| CoreComm-ATX, Inc. | DE |
| CoreComm Communications, LLC | DE |
| CTC Communications Corporation | MA |
| CTC Communications of Virginia, Inc. | VA |
| D&E Communications, LLC | DE |
| D&E Management Services, Inc. | NV |
| D&E Networks, Inc. | PA |
| D&E Wireless, Inc. | PA |
| Deltacom, LLC | AL |
| Earthlink Business, LLC | DE |
| Earthlink Carrier, LLC | DE |
| Equity Leasing, Inc. | NV |
| Eureka Broadband Corporation | DE |
| Eureka Holdings, LLC | DE |
| Eureka Networks, LLC | DE |
| Eureka Telecom, Inc. | NY |
| Eureka Telecom of VA, Inc. | VA |
| Georgia Windstream, LLC | DE |
| Heart of the Lakes Cable Systems, Inc. | MN |
| Infocore, Inc. | PA |
| Info-Highway International, Inc. | TX |
| InfoHighway Communications Corporation | DE |
| InfoHighway of Virginia, Inc. | VA |
| Intellifiber Networks, LLC | VA |
| Iowa Telecom Data Services, L.C. | IA |
| Iowa Telecom Technologies, LLC | IA |
| IWA Services, LLC | IA |
| KDL Holdings, LLC | DE |
| LDMI Telecommunications, LLC | MI |
| Lightship Telecom, LLC | DE |
| MassComm, LLC | NY |

| COMPANY | JURISDICTION |
|---|---|
| McLeodUSA Information Services LLC | DE |
| McLeodUSA Purchasing, LLC | IA |
| McLeodUSA Telecommunications Services, L.L.C. | IA |
| MPX, Inc. | DE |
| Nashville Data Link, LLC | TN |
| Network Telephone, LLC | FL |
| Norlight Telecommunications of Virginia, LLC | VA |
| Oklahoma Windstream, LLC | OK |
| Open Support Systems, LLC | CT |
| PaeTec Communications of Virginia, LLC | VA |
| PaeTec Communications, LLC | DE |
| PAETEC Holding, LLC | DE |
| PAETEC iTEL, L.L.C. | NC |
| PAETEC Realty LLC | NY |
| PAETEC, LLC | DE |
| PCS Licenses, Inc. | NV |
| Progress Place Realty Holding Company, LLC | NC |
| RevChain Solutions, LLC | DE |
| SM Holdings, LLC | DE |
| Southwest Enhanced Network Services, LLC | DE |
| Talk America of Virginia, LLC | VA |
| Talk America, LLC | DE |
| Teleview, LLC | GA |
| Texas Windstream, LLC | TX |
| The Other Phone Company, LLC | FL |
| TriNet, LLC | GA |
| TruCom Corporation | NY |
| US LEC Communications LLC | NC |
| US LEC of Alabama LLC | NC |
| US LEC of Florida LLC | NC |
| US LEC of Georgia LLC | DE |
| US LEC of Maryland LLC | NC |
| US LEC of North Carolina LLC | NC |
| US LEC of Pennsylvania LLC | NC |
| US LEC of South Carolina LLC | DE |
| US LEC of Tennessee LLC | DE |
| US LEC of Virginia LLC | DE |
| US Xchange Inc. | DE |
| US Xchange of Illinois, L.L.C. | DE |
| US Xchange of Indiana, L.L.C. | DE |
| US Xchange of Michigan, L.L.C. | DE |
| US Xchange of Wisconsin, L.L.C. | DE |
| Valor Telecommunications of Texas, LLC | DE |

| COMPANY | JURISDICTION |
|---|---|
| WaveTel NC License Corporation | DE |
| WIN Sales & Leasing, Inc. | MN |
| Windstream Accucomm Networks, LLC | GA |
| Windstream Accucomm Telecommunications, LLC | GA |
| Windstream Alabama, LLC | AL |
| Windstream Arkansas, LLC | DE |
| Windstream Buffalo Valley, Inc. | PA |
| Windstream Business Holdings, LLC | DE |
| Windstream BV Holdings, LLC | DE |
| Windstream Cavalier, LLC | DE |
| Windstream Communications Kerrville, LLC | TX |
| Windstream Communications Telecom, LLC | TX |
| Windstream Communications, LLC | DE |
| Windstream Concord Telephone, LLC | NC |
| Windstream Conestoga, Inc. | PA |
| Windstream CTC Internet Services, Inc. | NC |
| Windstream D&E Systems, LLC | DE |
| Windstream D&E, Inc. | PA |
| Windstream Direct, LLC | MN |
| Windstream Eagle Holdings LLC | DE |
| Windstream Eagle Services, LLC | DE |
| Windstream EN-TEL, LLC | MN |
| Windstream Finance Corp | DE |
| Windstream Florida, LLC | FL |
| Windstream Georgia Communications, LLC | GA |
| Windstream Georgia Telephone, LLC | GA |
| Windstream Georgia, LLC | GA |
| Windstream Holding of the Midwest, Inc. | NE |
| Windstream Iowa Communications, LLC | DE |
| Windstream Iowa-Comm, LLC | IA |
| Windstream IT-Comm, LLC | IA |
| Windstream KDL, LLC | KY |
| Windstream KDL-VA, LLC | VA |
| Windstream Kentucky East, LLC | DE |
| Windstream Kentucky West, LLC | KY |
| Windstream Kerrville Long Distance, LLC | TX |
| Windstream Lakedale Link, Inc. | MN |
| Windstream Lakedale, Inc. | MN |
| Windstream Leasing, LLC | DE |
| Windstream Lexcom Communications, LLC | NC |
| Windstream Lexcom Entertainment, LLC | NC |
| Windstream Lexcom Long Distance, LLC | NC |
| Windstream Lexcom Wireless, LLC | NC |

| COMPANY | JURISDICTION |
|---|---|
| Windstream Mississippi, LLC | DE |
| Windstream Missouri, LLC | DE |
| Windstream Montezuma, LLC | IA |
| Windstream Nebraska, Inc. | DE |
| Windstream Network Services of the Midwest, Inc. | NE |
| Windstream New York, Inc. | NY |
| Windstream Norlight, LLC | KY |
| Windstream North Carolina, LLC | NC |
| Windstream NorthStar, LLC | MN |
| Windstream NTI, LLC | WI |
| Windstream NuVox Arkansas, LLC | DE |
| Windstream NuVox Illinois, LLC | DE |
| Windstream NuVox Indiana, LLC | DE |
| Windstream NuVox Kansas, LLC | DE |
| Windstream NuVox Missouri, LLC | DE |
| Windstream NuVox Ohio, LLC | DE |
| Windstream NuVox Oklahoma, LLC | DE |
| Windstream NuVox, LLC | DE |
| Windstream of the Midwest, Inc. | NE |
| Windstream Ohio, LLC | OH |
| Windstream Oklahoma, LLC | DE |
| Windstream Pennsylvania, LLC | DE |
| Windstream SHAL Networks, Inc. | MN |
| Windstream SHAL, LLC | MN |
| Windstream Shared Services, LLC | DE |
| Windstream South Carolina, LLC | SC |
| Windstream Southwest Long Distance, LLC | DE |
| Windstream Standard, LLC | GA |
| Windstream Sugar Land, LLC | TX |
| Windstream Supply, LLC | OH |
| Windstream Systems of the Midwest, Inc. | NE |
| Windstream Western Reserve, LLC | OH |
| Xeta Technologies, Inc. | OK |